# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| CALVIN HORTON, SR. | CIVIL ACTION NO. 09-0125 |
|---|---|
| VS. | SECTION P |
| | JUDGE MELANÇON |
| SECRETARY JAMES LeBLANC, ET AL. | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is Calvin Horton, Sr.'s *pro se* civil rights action filed on January 16, 2009 pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. In his original § 1983 Complaint, plaintiff names LDOC Secretary James M. LeBlanc, South Lousiana Correctional Center (SLCC) Warden Viator, SLCC Major Striedel and SLCC Major Evans as defendants. In his Amended Complaint, he adds Avoyelles Correctional Center (ACC) Warden Lynn Cooper, ACC Director of Nursing Mrs. LaCombe and ACC Dr. Vajnar. In both Complaints, plaintiff complains that he was denied appropriate medical care during his incarceration at SLCC, and thereafter, at ACC, following his July 23, 2008 transfer to that facility. Plaintiff seeks damages and injunctive relief.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that this civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state claims for which relief may be granted.

## STATEMENT OF THE CLAIM

In his Original Complaint, plaintiff alleges that in 2003 or early 2004 he accidentally dislocated both of his kneecaps, and that, at the present time, Nurse Michelle Maxie and Dr. Tassin of SLCC have diagnosed plaintiff as suffering from arthritis. After his July 23, 2008 transfer to ACC, plaintiff was examined by a nurse to whom he provided a medical history including that the "off set of my left knee cap had torn the elastic muscle between my outer and upper thigh and groin area and a tremendous amount of pressure was on my lower spinal cord, and above my right knee cap the quadricep muscles are torn about twelve inches, and my right should blade the elastic muscles torn badly and severe nerve damage broken bones in hands." Plaintiff was examined by ACC Dr. Vagnar and has had x-rays of his left knee, lower back, right shoulder, and both hands. [rec. doc. 1].

Plaintiff has made both routine and emergency sick calls at ACC complaining of severe muscle spasm in his lower and upper neck, shoulders, and lower back which he contends is exacerbated by the sound of whistling or other high frequencies. When his complaints were not resolved to his satisfaction, plaintiff complained to security, requesting to be transferred to another location where he could avoid the guards' whistle blowing; his request was denied. Plaintiff also complains that his requests to fellow inmates, that they refrain from whistling, have gone unheeded. He prayed to be "sent to a hospital to be thoroughly examined, X-ray [sic], MRI, and be administered the proper

2

medical treatment and care . . .", and also prayed for an investigation, a restraining order and a proper duty status, along with monetary damages. [rec. doc. 1].

With respect to his request for a restraining order, plaintiff previously filed an "Emergency Motion for Preliminary Injunction" seeking immediate medical treatment based upon complaints that he suffers from muscle spasms when he hears whistling. [rec. doc. 4]. The Court denied his motion on March 18, 2009. [rec. doc. 5].

Plaintiff has also filed a Motion seeking the issuance of a preliminary injunction enjoining the defendants from "using x-rays to diagnose debilitating neuromuscular conditions" and requiring the defendants to take him "to be screened, seen and diagnosed by a neurologist." [rec. doc. 8]. In support of his request, plaintiff referred to his Amended Complaint in which he alleges that "since the filing of the complaint the plaintiff has determined that x-rays go through all body tissues to show only skeletal bone details but not neuromuscular infections which, if left unattended, will allow irreparable damage" and that proper diagnosis of such conditions is made with "computer aided tomography, magnetic resonance imaging or postion [sic] emission tomography", and therefore asks the court to order the defendants to send him "to a neurologist equipped with modern medical technology for proper screening to identify, diagnose and prescribe adequate neuromuscular treatment." [rec. doc. 6]. The undersigned has issued a Report and Recommendation recommending that plaintiff's Motion be denied. [rec. doc. 10].

This matter was referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## LAW AND ANALYSIS

### I. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven, consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Plaintiff has set forth specific facts which he claims entitles him to relief. Those facts have been accepted as true for the purposes of this Report. Nevertheless, plaintiff's claims are subject to dismissal for the reasons that follow.

### II. Medical Care Claim

To state a claim under the Eighth Amendment, the medical care must be

"sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Plaintiff has not made this showing.

Deliberate indifference is an extremely high standard to meet. *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). The plaintiff must allege, and be able to prove, that each named defendant has been deliberately indifferent to his serious medical needs or the claim is subject to dismissal as frivolous. *Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir.2000). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); *See also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). Deliberate indifference cannot be proven through cumulative group acts, but, rather, "each defendant's subjective deliberate indifference, *vel non*, must be examined separately." *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999). It is not enough to demonstrate that the defendant was negligent; rather it must be shown that the actions were so reckless as to amount to deliberate indifference. *Sibley v. LeMaire*, 184 F.3d 481, 489 (5th Cir. 1999).

Plaintiff's complaint fails to demonstrate that the named defendants were deliberately indifferent to plaintiff's serious medical needs. Plaintiff conclusorily claims that he suffers from a "debilitating neuromuscular condition" (diagnosed by prison

5

medical personnel as arthritis) which he believes is exacerbated by whistling. Plaintiff's pleadings also demonstrate that although he believes examination by a specialist (neurologist) and additional more advanced screening methods are required, plaintiff has received extensive medical examination and treatment from prison authorities. He merely disagrees with the treatment thus far rendered and the medical diagnosis given.

The record demonstrates that plaintiff has been provided with continuous ongoing medical treatment for his physical condition. He has been seen and treated for his complaints on numerous occasions by nurses and physicians at both facilities and he has had x-rays of his left knee, lower back, right shoulder, and both hands. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

While plaintiff has not been examined by a specialist (neurologist) and has not had additional more advanced screening methods for his complaints (computer aided tomography "CAT", magnetic resonance imaging "MRI" or positron emission tomography "PET" scans), as he suggests should be done, the mere fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. *See Norton*, 122 F.3d at 292. Moreover, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Domino,* 239 F.3d at 756 *quoting Estelle*, 429 U.S. at 107, 97 S.Ct. 285.

Furthermore, the fact that the medical care given is not the best that money can buy does not amount to deliberate indifference. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Norton*, 122 F.3d at 292. The constitution does not command that prison inmates be given the kind of medical attention that judges would wish to have for themselves; it prohibits only deliberate indifference to serious medical needs. *Mayweather*, 958 F.2d at 91; *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982), *amended in part and vacated in part on other grounds*, 688 F.2d 266, 267 (5th Cir. 1982). Although treatment by a neurologist and advanced diagnostic scanning methods (as opposed to x-rays) might be desirable, it is in no way constitutionally required. Indeed, others who suffer from similar ailments are never seen or treated by any physician, much less a specialist, and never undergo CAT, MRI or PET scans to aid in their diagnosis or treatment.

Finally, to the extent that plaintiff disagrees with the treatment rendered, it is well settled that disagreement with medical treatment does not amount to a constitutional violation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *Calloway v. Smith County*, 991 F. Supp. 801 (E.D. Tex. 1998); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Likewise, incorrect diagnosis or unsuccessful treatment is insufficient to establish deliberate indifference sufficient to state a constitutional claim. *Johnson*, 759 F.2d at 1238-39; *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001).

For the above reasons, **IT IS RECOMMENDED** that this civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state claims for which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 12th day of May, 2009.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE